IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 4, 2003

## STATE OF TENNESSEE v. VALERIE ARLENE BULLION

**Direct Appeal from the Circuit Court for Marshall County**
**No. 15065      Charles Lee, Judge**

---

**No. M2002-02370-CCA-R3-CD - Filed August 27, 2003**

---

The appellant, Valerie Arlene Bullion, pled guilty in the Marshall County Circuit Court to operating a motor vehicle in violation of the Motor Vehicle Habitual Offenders Act, a Class E felony; driving under the influence, tenth offense, a Class E felony; driving on a revoked license, fourth offense, a Class A misdemeanor; and violation of the implied consent law. The trial court sentenced the appellant to an effective sentence of eight years incarceration in the Tennessee Department of Correction, suspended the appellant's driver's license for ten years, and imposed a three thousand dollar ($3000) fine. On appeal, the appellant complains that the sentences imposed by the trial court are excessive. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, and Donna Hargrove, Shelbyville, Tennessee (on appeal); A. Jackson Dearing, III, Shelbyville, Tennessee (at trial), for the appellant, Valerie Arlene Bullion.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; W. Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

The appellant's guilty pleas were based upon the following facts as recited by the State at the guilty plea hearing. On May 3, 2002, a state trooper stopped the appellant's vehicle after observing the appellant driving in an erratic manner. As the trooper approached the vehicle, he smelled the strong odor of alcohol. The trooper asked the appellant if she had been drinking and she

responded that she had consumed two beers. The appellant subsequently failed the field sobriety test and refused to take the Breathalyzer test. When the trooper asked to see her driver's license, the appellant informed the officer that she did not have one. A record check revealed that the appellant had prior convictions for driving under the influence and had previously been declared a Motor Vehicle Habitual Offender. Based upon these facts, the appellant pled guilty to operating a motor vehicle in violation of the Motor Vehicle Habitual Offenders Act; driving under the influence, tenth offense; driving on a revoked license, fourth offense; and violating the implied consent law. The trial court merged the conviction for driving on a revoked license into the conviction for violating the Motor Vehicle Offenders Act.

At the sentencing hearing, Judy Byrd, the probation officer who prepared the appellant's presentence report, testified that the appellant had an extensive criminal history, including three prior felony convictions. Byrd further related that on at least two occasions, the appellant committed new offenses while serving alternative sentences for previous crimes.

The appellant acknowledged at sentencing that she had an extensive criminal history and that the majority of these offenses involved alcohol. She testified that, in addition to alcohol, she had "[b]een addicted to heroin, crack cocaine, and marijuana." The appellant related that on three occasions she had been admitted to Buffalo Valley, a drug and alcohol treatment center, but had relapsed each time. In a plea to the trial court, the appellant stated,

> I am just wanting to say I know I broke the law. I am going to have to pay for what I have done. I am an alcoholic and a drug addict. I do believe I was born an alcoholic. If this was something I could control I would have quit doing it years ago.

According to the presentence report, the forty-six-year-old appellant has twenty-seven prior convictions, including nine prior convictions for driving under the influence, two prior convictions for operating a vehicle in violation of the Motor Vehicle Habitual Offenders Act, one prior conviction for being an accessory after the fact to criminally negligent homicide, two prior convictions for driving on a revoked license, and four prior convictions for public intoxication. The appellant dropped out of high school in the eleventh grade and did not obtain her G.E.D. In the presentence report, the appellant reported that her mental health was poor, but that these problems were related to her abuse of alcohol. The appellant reported that she began drinking in 1976 and drank on a daily basis from August 2001 to October 2001. The appellant claimed in the presentence report that "the only reason she is not using alcohol now is because she is incarcerated."

After considering the testimony at sentencing, the presentence report, and the arguments of counsel, the trial court sentenced the appellant for violating the Motor Vehicle Habitual Offenders Act to four years incarceration and suspended her driver's license for ten years. For driving under the influence, the trial court sentenced the appellant to four years incarceration and imposed a three thousand dollar ($3000) fine. The trial court ordered the appellant to serve the four year sentences consecutively, for an effective sentence of eight years incarceration. On appeal, the appellant complains that the sentences imposed by the trial court are excessive.

## II. Analysis

When an appellant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). However, this presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the record demonstrates that the trial court failed to consider the sentencing principles and the relevant facts and circumstances, review of the sentence will be purely de novo. Id.

In conducting our review, this court must consider (1) the evidence, if any, received at trial and at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to the sentencing alternatives; (4) the nature and characteristics of the offenses; (5) any mitigating or enhancement factors; (6) any statements made by the appellant on his own behalf; and (7) the appellant's potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102 and -103 (1997), -210 (Supp. 2002); see also Ashby, 823 S.W.2d at 168. The burden is on the appellant to show that the sentence is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

The appellant was sentenced as a Range II multiple offender, for which the applicable range for Class E felonies is two to four years. Tenn. Code Ann. § 40-35-112(b)(5) (1997). The presumptive sentence for a Class E felony is the minimum within the applicable range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If the trial court finds that such factors do exist, the court must start at the presumptive sentence, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). There is no mathematical formula for valuating factors to calculate the appropriate sentence. State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). "Rather, the weight to be afforded an existing factor is left to the trial court's discretion so long as the court complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record." Id. at 475-76.

In the instant case, the trial court found no applicable mitigating factors and applied the following enhancement factors:[1]
> (1) the appellant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range;

---

[1] We note that, beginning July 4, 2002, "the 2002 amendment [to Tennessee Code Annotated section 40-35-114] added present [enhancement factor] (1) and redesignated former (1) through (22) as present (2) through (23), respectively." Tenn. Code Ann. § 40-35-114, Amendments (Supp. 2002). However, for the purposes of this opinion, we will use the former designations applicable at the time of the appellant's sentencing.

(8) the appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and

(10) the appellant had no hesitation about committing a crime when the risk to human life was high.

Tenn. Code Ann. § 40-35-114 (1997). In addition to these factors, the trial court also applied enhancement factor (11) to the appellant's sentence for violating the Motor Vehicle Habitual Offenders Act and enhancement factor (16) to her conviction for driving under the influence. Tenn. Code Ann. § 40-35-114(11) and (16). The trial court sentenced the appellant to the maximum of four years incarceration on these counts and determined that the appellant should serve the sentences consecutively, for an effective sentence of eight years incarceration.

On appeal, the appellant does not challenge the application of enhancement factors (1) and (8) or the imposition of consecutive sentencing. Instead, the appellant asserts that the trial court erred in failing to consider mitigating factor (13) and in applying enhancement factors (10), (11), and (16). Because the trial court misapplied certain enhancement factors, our review of the appellant's sentence will be de novo with no presumption of correctness.

The appellant contends that the trial court should have considered as a mitigating factor that she "accepted responsibility for her actions." Tenn. Code Ann. § 40-35-113(13). The appellant argues that her "acknowledgment of guilt saved the State the expense of a trial on the merits." We note that a defendant's guilty plea does not automatically entitle her to mitigation. State v. William Rhea Jackson, No. M2002-02567-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 330, at *10 (Nashville, Apr. 10, 2003). "The trial court is in a much better position than this Court to determine whether, given all the circumstances, a decision to plead guilty instead of proceed to trial should be considered mitigating." State v. Jeffrey English, No. M1999-02495-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 911, at *11 (Nashville, Nov. 22, 2000). Moreover, we cannot conclude that the appellant accepted responsibility for her conduct. At sentencing, the appellant acknowledged that she had broken the law and was "going to have to pay for what [she had] done." However, the appellant then blamed her conduct on alcohol and drugs, claiming, "If this was something I could control I would have quit doing it years ago." Accordingly, the trial court did not err in refusing to apply mitigating factor (13).

Next, the appellant contends that the trial court erred in applying enhancement factors (10) and (16), i.e., the appellant had no hesitation about committing a crime when the risk to human life was high and the crime was committed under circumstances under which the potential for bodily injury to a victim was great. Tenn. Code Ann. § 40-35-114(10) and (16). The appellant asserts that "the 'high risk' enhancers apply where persons, other than the victim, are in the area and are subject to injury." According to the appellant, "[t]he undisputed evidence is that no person was identified as being in harm's way at the point that police stopped [the appellant] for erratic driving."

Enhancement factor (10) may be applied where the appellant creates a high risk to the life of a person other than the named victim. State v. Bingham, 910 S.W.2d 448, 452 (Tenn.

Crim. App. 1995). However, proof must exist "that other persons or motorists were either in the vicinity or placed at risk by [the appellant's] conduct." State v. Janice Carol Biskner, No. E2000-01440-CCA-R3-CD, 2001 Tenn. Crim. App LEXIS 887, at **39-40 (Knoxville, Nov. 13, 2001). Our review of the record fails to reveal any facts showing that other persons or motorists were at risk.[2] In the presentence report, the appellant submitted that after leaving her friend's house, she "was driving on Nashville Highway" and was stopped by a state trooper. The record does not reflect that there was actual risk to human life, only the potential for harm had there been other vehicles on the highway. Accordingly, the facts do not support the trial court's application of enhancement factor (10).

The appellant also contends, and the State concedes, that the trial court erred in applying enhancement factor (16) to enhance the appellant's sentence for violating the Motor Vehicle Habitual Offenders Act. We agree. Enhancement factor (16) specifically requires that the potential for bodily injury be "to a victim" of the crime. Tenn. Code Ann. § 40-35-114(16); see also State v. Charles Justin Osborne, No. 01C01-9806-CC-00248, 1999 Tenn. Crim. App. LEXIS 465, at *8 (Nashville, May 12, 1999). Because there was no victim in the instant case, we conclude that enhancement factor (16) does not apply.

Finally, the appellant contends that the trial court erred in applying enhancement factor (11) to enhance her sentence for driving under the influence. Enhancement factor (11) provides that "[t]he felony resulted in death or bodily injury or involved the threat of death or bodily injury to another person and the [appellant] has previously been convicted of a felony that resulted in death or bodily injury." Tenn. Code Ann. § 40-35-114(11). In applying this factor, the trial court found that driving under the influence involved a threat of death or serious bodily injury and that the appellant had previously been convicted of a felony that resulted in death. According to the presentence report and the appellant's own testimony, she was convicted in 1997 of being an accessory after the fact to criminally negligent homicide, a felony that resulted in death. However, the record does not reflect that the appellant's instant conviction for driving under the influence posed a threat of death or bodily injury to others. As previously noted, the State did not establish that there were other motorists or persons on the highway that afternoon. Accordingly, the trial court erroneously applied enhancement factor (11).

Although we have determined that the trial court erroneously applied enhancement factors (10), (11), and (16), this does not necessarily lead to a reduction in the appellant's sentence. State v. Winfield, 23 S.W.3d 279, 284 (Tenn. 2000). The appellant has an extensive criminal history, consisting of numerous convictions for driving under the influence and other alcohol-related offenses. Tenn. Code Ann. § 40-35-114(1). Moreover, the record reflects the appellant's unwillingness to comply with the conditions of sentences involving release in the community. Tenn. Code Ann. § 40-35-114(8). As noted by our supreme court, "[s]ociety demands protection from

_____

[2] In its brief, the State asserts that the appellant had a passenger in her vehicle when she was stopped by the state trooper. However, our review of the facts recited by the State at the guilty plea hearing and by the appellant in the presentence report fails to reveal the presence of any such passenger.

those who habitually drink and drive in complete disregard for the welfare of others and for the laws of this state." State v. Troutman, 979 S.W.2d 271, 272 (Tenn. 1998). Accordingly, the remaining enhancement factors, (1) and (8), and the lack of mitigating factors, support the effective eight year sentence imposed by the trial court.

### III.  Conclusion

For the foregoing reasons, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE